UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| XAVIER AGUIRRE,<br><br>          Plaintiff,<br><br>v.<br><br>WALMART, INC. et al.,<br><br>          Defendants. | Case No. 5:26-cv-02439-SB-ACCV<br><br>ORDER GRANTING MOTION TO REMAND [DKT. NO. 15] |

Plaintiff Xavier Aguirre alleges that Defendant Walmart, Inc. subjected him to discrimination and harassment based on his sex and wrongfully terminated his employment. His first amended complaint (FAC), filed in state court, alleges several claims under California law against Walmart and also alleges that Defendant Tisha Snyder, a Walmart supervisor, harassed him based on his sex. Dkt. No. 1-10. Walmart removed the case based on diversity jurisdiction, contending that Snyder is a sham defendant whose citizenship can be ignored because she was fraudulently joined to defeat removal. *See Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) ("In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."). Plaintiff moves to remand, arguing that Snyder is properly joined and that Walmart has not shown that the amount in controversy exceeds $75,000. Dkt. No. 15. The Court finds this matter suitable for decision without oral argument and vacates the June 26, 2026 motion hearing and mandatory scheduling conference. Fed. R. Civ. P. 78; L.R. 7-15.

It is undisputed that Plaintiff and Snyder are both California citizens and that the case must be remanded for lack of subject-matter jurisdiction if Snyder is not fraudulently joined. "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare*, 889 F.3d at 548

1

(cleaned up).  Given this presumption, a district court must remand the case if there is "a possibility that a state court would find that the complaint states a cause of action" against the nondiverse defendant.  *Id.* (cleaned up).  This "'possibility' standard"—which requires the removing party to show that the allegations against the nondiverse defendant are "wholly insubstantial and frivolous"—is not equivalent to the motion-to-dismiss standard under Federal Rule of Civil Procedure 12(b)(6).  *Id.* at 549–50 (cleaned up).  It is not enough that the complaint fails to state a claim; the court must also consider whether the alleged pleading defects "can possibly be cured" by amendment.  *Id.* at 550.  Any doubts about the propriety of removal must be resolved in favor of remand.  *Id.*

The FAC does not identify Snyder's role, but Walmart has submitted her declaration stating that she is a "People Partner," which is "a supervisory human resources position" with managerial responsibilities.  Dkt. No. 18-1 ¶¶ 1, 4–5.  Walmart does not dispute that California law recognizes a harassment claim against individual employees.  *See* Cal. Gov't Code § 12940(j)(3) ("An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee . . . .").  It argues, however, that Snyder's alleged conduct was not sufficiently severe or pervasive to establish a hostile work environment giving rise to a harassment claim.

The FAC alleges that Snyder (1) sexually harassed Plaintiff by flirtatiously sending him a winking emoji on a text message when asking him to visit her office, (2) told Plaintiff that he had gained weight and needed a bigger shirt, which she would not have said to a female employee, (3) failed to address Plaintiff's complaints against a female manager, (4) called Plaintiff into her office to discuss an alleged complaint against him despite not having investigated the matter, (5) disciplined Plaintiff for the supposed interaction without any investigation (despite having refused to acknowledge his own complaints against female employees), (6) conducted unauthorized interviews in relation to Plaintiff's complaint, (7) asked questions "in a negative manner in order to elicit responses that were not favorable to Plaintiff," leading others to retaliate against Plaintiff, and (8) spread information about Plaintiff's complaints and suspension, leading to his termination.  Dkt. No. 15-1 ¶¶ 17–26.  Walmart addresses only some of these allegations in its opposition to the motion to remand, arguing that, in isolation, they are not sufficiently severe or pervasive to establish a hostile work environment.  It does not identify any authority establishing that there is no possibility that Plaintiff could prevail against Snyder based on the entire course of conduct alleged.

Nor has Walmart shown that, even if the FAC fails to state a claim against Snyder, any deficiencies could not be cured by amendment.  It merely argues that Plaintiff no longer has the right to amend without leave of court and has not stated an intent to amend (because he contends that the FAC is sufficient).  That argument fails for two reasons.  First, the *Grancare* standard asks "whether a deficiency in the complaint can possibly be cured *by granting the plaintiff leave to amend*."  *Grancare*, 889 F.3d at 550 (emphasis added).  Plaintiff's purported inability to amend without leave of court is therefore irrelevant.  Second, it disregards Walmart's "heavy burden" to show that "[P]laintiff could not possibly prevail" on the harassment claim if given a chance to cure the alleged deficiencies, instead attempting to shift the burden to Plaintiff.  *Id.* at 548 (cleaned up); *see, e.g.*, *Ancona v. Lowe's Home Ctrs., LLC*, No. 20-CV-1462, 2020 WL 8679709, at *4–5 (S.D. Cal. Sept. 23, 2020) (defendants failed to meet their burden of showing no possibility that pleading deficiencies could be cured through amendment).

Because Walmart has not met its burden under *Grancare* to establish that Snyder was fraudulently joined, this Court lacks subject-matter jurisdiction regardless of whether the amount in controversy exceeds $75,000.  Plaintiff's motion is therefore granted, and this case is remanded to the San Bernardino County Superior Court.

Date: June 17, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

3